No. 23-1312

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| QUINTIN SCOTT, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> THOMAS J. DART, Sheriff of Cook County, *et al.*, <br><br> Defendants-Appellees. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 17-cv-07135 <br><br> Honorable Martha M. Pacold, Presiding Judge |

**DEFENDANTS-APPELLEES' DOCKETING STATEMENT**

The docketing statement of Plaintiff-Appellant Quintin Scott is not complete and correct. Pursuant to Circuit Rule 3(c)(1), Defendants-Appellees, Thomas J. Dart, Sheriff of Cook County, and Cook County submit the following docketing statement.

**I.     District Court Jurisdiction**

Plaintiffs, Scott and Montrell Carr, filed suit in the district court, alleging violations of their Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. R. 30.[1] The district court had jurisdiction pursuant to 28 U.S.C. § 1331.

**II.     Appellate Jurisdiction**

On August 16, 2022, the district court denied Plaintiffs' motion for class certification. R. 164. On February 13, 2023, the court entered judgment, R. 187, based on Carr's acceptance of an offer of judgment, R. 183, and Scott's acceptance of a

---

[1] We cite the district court record as "R.___."

conditional offer of judgment, which preserved his rights to appeal the district court's denial of class certification to pursue an "incentive award" as a class representative. R. 182.

On February 15, 2023, Scott filed his notice of appeal, R. 188, claiming that "acceptance of the conditional offer of judgment vests him with standing to appeal," R. 191. This court would have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291, except a putative class representative who voluntarily settles may appeal only if he has Article III standing to do so despite that settlement, *Muro v. Target Corp.*, 580 F.3d 485, 490-91 (7th Cir. 2009). Here, Scott lacks standing to challenge the denial of class certification because: (1) he has suffered no injury-in-fact; and (2) his supposed injury in the loss of an incentive award is not redressable because an incentive award is unavailable as a matter of law. *See Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1248 (11th Cir. 2020).

### III. Prior Related Appellate Proceedings

There is a prior related appellate proceeding. On August 30, 2022, Plaintiffs filed a Fed. R. Civ. P. 23(f) petition for leave to appeal, No. 22-8013, which this court denied on September 23, 2022, R. 169.

### IV. Additional Requirements of Circuit Rule 3(c)(1)

This case does not involve any criminal convictions or any collateral attack on a criminal conviction. Based on a docket search, Scott has no strikes under 28 U.S.C. § 1915(g).

Respectfully submitted,

**KIMBERLY M. FOXX**
State's Attorney of Cook County

By:   */s/ Christina Faklis Adair*
Christina Faklis Adair
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4634
Christina.adair@cookcountyil.gov

## CERTIFICATE OF SERVICE

The foregoing DEFENDANTS-APPELLEES' DOCKETING STATEMENT has been electronically filed on March 2, 2023. I certify that I have caused the foregoing DEFENDANTS-APPELLEES' DOCKETING STATEMENT to be served on all counsel of record via CM/ECF electronic notice on March 2, 2023.

s/ *Christina Faklis Adair*
**Christina Faklis Adair**